# 95 DTA 22

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE AGUADILLA Y MAYAGUEZ - PANEL I**

EL PUEBLO DE PUERTO RICO
Apelado

v.

EDDIE RODRIGUEZ ORTIZ
Acusado-Apelante

Núm. KLAN-95-00037

San Juan, Puerto Rico, a 8 de marzo de 1995

Panel integrado por su presidente, Juez Amadeo Murga,
y los Jueces Brau Ramírez y Ramos Buonomo

Ramos Buonomo, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El apelante, señor Eddie Rodríguez Ortiz, presentó un escrito de apelación el día 5 de diciembre de 1994 en donde solicita la revocación de una sentencia dictada el día 15 de noviembre de 1994 por el anterior Tribunal de Distrito, Sala de San Germán (Hon. Luis Márquez Torres, J.). Mediante dicha sentencia se encontró culpable al apelante de haber infringido el Artículo 5-201 de la Ley de Tránsito.█ El apelante fue condenado a pagar una multa de $200.00, más $250.00 por daños.

El apelante solicitó la reconsideración ante el tribunal apelado el 21 de noviembre de 1994 y, según alega el apelante en su recurso, *"no habiendo dicho Tribunal actuado sobre la misma dentro de los términos que contemplan las Reglas, se entiende como denegada la reconsideración".* █ Por ello, el apelante presentó su escrito de apelación█

Posteriormente, el apelante presentó una solicitud para que se elevaran los autos el día 6 de febrero de 1995. Nuevamente, señala en ésta que no habiendo el tribunal actuado sobre la moción de reconsideración dentro del término de diez (10) días, entendió que la misma había sido denegada de plano. Por ende, presentó el escrito de apelación y procedió a solicitar ante el tribunal apelado permiso para escuchar la grabación de los procedimientos para poder preparar una exposición narrativa de la prueba (en adelante *"e.n.p."*). Fue citado para escuchar la grabación y posteriormente presentó la e.n.p.. Señala, además, que la parte apelada no objetó la e.n.p. y que el tribunal tampoco ha actuado sobre la misma, por lo que solicita que se eleven los autos.

El 28 de febrero de 1995, el apelante presentó dos solicitudes en auxilio de jurisdicción, en donde alega que el apelado presentó una e.n.p. el día 14 de febrero de 1995. Indica, además, que el tribunal señaló vista para el día 1ro. de marzo de 1995, para considerar los méritos de la e.n.p. presentada por la parte apelada. La segunda solicitud presentada el 28 de febrero vino acompañada de una *"exposición narrativa enmendada"* y una *"exposición narrativa"*, cuyas páginas están mal intercaladas. Además, una de estas páginas aparece firmada por el Hon. Luis Márquez Torres, quien dictó la sentencia apelada.

Resolvemos que el escrito de apelación presentado es improcedente en esta etapa por los siguientes fundamentos.

En el caso de autos, el apelante aparentemente entendió que el término dispuesto en las Reglas de Procedimiento Civil para la resolución de las mociones de reconsideración es aplicable cuando se trata de un caso criminal. Erró.

Contrario a lo que plantea el apelante, en su escrito de apelación, las Reglas de Procedimiento Criminal no disponen de un término dentro del cual el tribunal apelado deba actuar sobre una moción de reconsideración. La Regla 216, inciso (b), que aplicaba a las apelaciones del anterior Tribunal de Distrito al anterior Tribunal Superior, dispone que *"[s]i se solicitare la reconsideración de la sentencia, el término para radicar el escrito de apelación quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del tribunal negando la reconsideración"*. 34 L.P.R.A. Ap. II, R. 216 (b).

En vista de que no había un término específico en ley bajo el cual el anterior Tribunal de Distrito debía actuar sobre una moción de reconsideración en un caso criminal, un recurso de apelación sería improcedente hasta tanto el tribunal resolviera dicha moción y se notificara a la parte la resolución denegatoria. Se infiere, pues, de la citada regla que, presentada en tiempo una moción de reconsideración, el tribunal vendría obligado a resolverla.

En el expediente en apelación no consta una copia de la resolución, si alguna, del tribunal de primera instancia denegando la moción de reconsideración. Resolvemos, por ende, que el recurso que nos ocupa es prematuro.

Por lo antes expuesto, se desestima el recurso de apelación por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María De La C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 22**

**1.** Véase la Ley Núm. 141 de 20 de julio de 1960, según enmendada, 9 L.P.R.A. sec. 871. El citado artículo tipifica la imprudencia o negligencia temeraria.

**2.** Véase Escrito de Apelación, pág. 1.

**3.** Éste fue remitido al Tribunal de Circuito de Apelaciones en virtud de la Orden Administrativa Núm. XIII emitida por el Juez Presidente el día 23 de enero de 1995.